VIDAL, RECURRENTE, v. EL REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo contra cierta reserva apuntada por el Registrador de la Propiedad de Arecibo en una escritura de partición.

No. 580.—Resuelto en marzo 6, 1924.

USUFRUCTO VIUDAL—DERECHO ENAJENABLE.—Apareciendo de la escritura particional que la viuda enajenó su derecho de gananciales juntamente con su cuota usufructuaria, procede la revocación de una nota en la cual el registrador, al inscribir cierto condominio en una finca adjudicada en la partición, lo hizo "sin perjuicio" del derecho de los menores * * * en la cuota usufructuaria cedida por su madre.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. A. Fiol Negrón.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Mercedes Gordís y Lugo, viuda de Gervasio Gómez y García, cedió a Isabel Lugo y Lugo todos los derechos y acciones que tenía y podían corresponderle, ya por gananciales o por su cuota usufructuaria, en los bienes que a su fallecimiento dejó su consorte Gómez y García.

En las operaciones de partición y división de dichos bienes la cesionaria estuvo representada y, por convenio de todos los interesados, se le asignó en plena propiedad un capital en efectivo de doscientos dólares en pago del derecho de usufructo que le fue cedido. En el mismo documento compareció Pedro Clausells y Armstrong a quien, como cesionario de otros herederos y para pago de deudas, se le adjudicó un condominio de cierta finca rústica denominada "El Retiro,". Dicho condominio fué a su vez transferido al recurrente, quien habiendo presentado al registro la escritura de partición el registrador verificó la inscripción del referido condominio con la siguiente reserva:

"Sin perjuicio del derecho de los menores Carlos Manuel y Manuel Badillo Gómez y Gordís en la cuota usufructuaria cedida por su madre Mercedes Gordís y Lugo a favor de Sabad Lugo y Lugo."

No conforme el recurrente con la reserva que el registrador hace constar en su nota, ha establecido el presente recurso, solicitando se haga la inscripción sin reserva ni defecto alguno.

El registrador no menciona en su nota el precepto o razón legal en que pudiera fundarse ni ha presentado alegato para sostenerla. De todos modos, la calificación del registrador no presenta cuestión alguna que resolver. La sección 12 de la ley para modificar y derogar ciertos artículos del Código Civil, aprobada en marzo 9, 1905, autoriza satisfacer al cónyuge viudo su parte de usufructo en un ca-

pital en efectivo, y además se trata de un derecho enajenable.

Por lo expuesto, la nota del registrador debe revocarse y verificarse la inscripción solicitada sin la reserva que se hace constar en la misma.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.